# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**MARJORIE A. CREAMER,**

    **Plaintiff,**

v.

**CHANTZ MARTIN, ET AL.,**

    **Defendants.**

Case No. 17-CV-4011-DDC-KGS

## MEMORANDUM AND ORDER DISMISSING CASE WITHOUT PREJUDICE

On January 30, 2017, *pro se*[1] plaintiff Marjorie A. Creamer filed a Complaint against three defendants—Chantz Martin, Shannon McDowell, and Brian Jacques. Plaintiff's Complaint is difficult to understand, but it appears that she asserts legal malpractice claims under state law against defendants. Plaintiff's Complaint alleges no basis for this court's subject matter jurisdiction.

On February 1, 2017, the court ordered plaintiff to show case in writing, on or before February 15, 2017, why the court should not dismiss this action for lack of subject-matter jurisdiction. Doc. 4. On February 8, 2017, plaintiff filed a four-page document. Doc. 5. The title of the document is "Complaint." *Id.* at 1. But the document was docketed as a Response to the court's Show Cause Order. Plaintiff has filed no other responses to the court's February 1, 2017 Show Cause Order. And, the time for doing so has expired.

Construing the February 8, 2017 document liberally and as a Response to the Court's Show Cause Order, plaintiff still has failed to allege that the court has subject matter jurisdiction

---

[1] Because plaintiff proceeds *pro se*, the Court construes her filings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").

1

over her claims.  Plaintiff reiterates that she is asserting legal malpractice claims against defendants.  She accuses defendants of "maliciously act[ing] improperly and influenc[ing] [a] judge" in violation of Kansas law, "engaging in conduct that is prejudicial to the administration of justice," "illegal and fraudulent schemes," "violating court rules and violating the rules of Professional Conduct," "knowingly committing fraud," "deceit," "breach of contract," "misconduct," and "failure of client communications."  *Id.* at 1–4.

As the court explained in its Show Cause Order, plaintiff's legal malpractice claims arise under state law, not federal law.  Doc. 4 at 3 (citing *Cremer v. Motors*, Nos. 16-4045-SAC, *et al.*, 2016 WL 3197379, at *5 (D. Kan. May 18, 2016)).  So, federal question jurisdiction under 28 U.S.C. § 1331 does not exist here.  Plaintiff also fails to establish that diversity jurisdiction exists under 28 U.S.C. § 1332 because she does not allege:  (1) diversity of the parties' citizenship, and (2) an amount in controversy exceeding $75,000.  Plaintiff thus has failed to allege that subject matter jurisdiction exists in this lawsuit.  And, the court dismisses this case for lack of subject matter jurisdiction.

This ruling does not leave plaintiff without a forum to adjudicate her claims, to the extent she states a claim under Kansas law.  In Kansas, state district courts are courts of general jurisdiction.  Kan. Stat. Ann. § 20-301.  And, a state district court is the appropriate forum for plaintiff to file the legal malpractice claims she asserts here.

**IT IS THEREFORE ORDERED** that this action is dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

3

**Dated this 16th day of February, 2017, at Topeka, Kansas**

                                                **s/ Daniel D. Crabtree**
                                                **Daniel D. Crabtree**
                                                **United States District Judge**