IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARJORIE A. CREAMER,

        Plaintiff,

v.

CHANTZ MARTIN, ET AL.,

        Defendants.

Case No. 17-4011-DDC-KGS

**MEMORANDUM AND ORDER DENYING MOTION FOR RECONSIDERATION**

Pro se plaintiff[1] Marjorie A. Creamer has filed a motion asking the court to reconsider its Order dismissing her lawsuit. Doc. 11. On February 16, 2017, the court dismissed plaintiff's case without prejudice for lack of subject matter jurisdiction. Doc. 6. Before dismissing her suit, the court ordered plaintiff to show cause why the court should not dismiss her case for lack of subject matter jurisdiction. Doc. 4. The court explained that plaintiff's Complaint failed to allege subject matter jurisdiction under either 28 U.S.C. § 1331 (federal question jurisdiction) or 28 U.S.C. § 1332 (diversity jurisdiction). *Id.* at 2–3. The court liberally construed plaintiff's Complaint as alleging legal malpractice claims. *Id.* at 3. And, the court explained, plaintiff's legal malpractice claims arise under state law, not federal law, even though she attempts to invoke the Americans with Disabilities Act ("ADA"). *See id.* (citing *Creamer v. Gen. Motors*, Nos. 16-4045-SAC, *et al.*, 2016 WL 3197379, at *5 (D. Kan. May 18, 2016) (concluding that plaintiff failed to allege federal question jurisdiction because her citation to the ADA "has no plausible application to plaintiff's claims that defendant committed legal malpractice" and

---

[1] The court construes plaintiff's filings liberally because she proceeds pro se. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").

1

"absent diversity of citizenship and an amount in controversy over $75,000—which do not exist here—plaintiff's state law claims of legal malpractice, assuming of course they have any merit, belong in state court")).

Plaintiff submitted a response to the Show Cause Order. Doc. 5. But, like her Complaint, her response failed to provide any colorable basis for this court to invoke its limited subject matter jurisdiction. Instead, plaintiff reiterated that she was asserting legal malpractice claims against defendants. *Id.* at 1–4. She provided no basis for the court to exercise federal question or diversity jurisdiction. *See generally id.* So, the court dismissed her lawsuit without prejudice for lack of subject matter jurisdiction. Doc. 6.

Plaintiff's Motion for Reconsideration invokes Fed. R. Civ. P. 59(e), Fed. R. Civ. P. 60, and D. Kan. Rule 7.3. Plaintiff fails to provide a basis for reconsideration under any of these rules.[2] Rule 59(e) allows a court to grant a motion to alter or amend a judgment "only if the moving party can establish (1) an intervening change in controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice." *Wilkins v. Packerware Corp.*, 238 F.R.D. 256, 263 (D. Kan. 2006), *aff'd* 260 F. App'x 98 (10th Cir. 2008). Rule 60(b) permits a court to relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief.

---

[2] Although plaintiff brings this lawsuit pro se, she is not relieved from complying with the rules of the court or facing the consequences of noncompliance. *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Fed. R. Civ. P. 60(b). But, relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990) (citation omitted). And, D. Kan. Rule 7.3(b) has the same requirements as a Rule 59(e) motion: "A motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error to prevent manifest injustice." D. Kan. Rule 7.3(b).

Here, plaintiff provides no basis for the court to grant her motion to reconsider. She does not cite (1) an intervening change in the controlling law, (2) the availability of new evidence, or (3) the need to correct clear error to prevent manifest injustice to support reconsideration under Rule 59(e) or D. Kan. Rule 7.3(b). Plaintiff also cites none of the Rule 60(b) factors. Instead, plaintiff reasserts the same arguments to support the court's purported subject matter jurisdiction, ignoring the fact that the court already has rejected her assertions as meritless. This is not a proper basis for moving for reconsideration under any of the rules plaintiff invokes. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (stating that, on motion filed under Rule 59(e) or Rule 60, "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing" (citation omitted)); *see also Comeau v. Rupp*, 810 F. Supp. 1172, 1175 (D. Kan. 1992) (explaining that a party seeking reconsideration may not revisit issues already addressed).

Plaintiff's Motion for Reconsideration also provides no reason that the court should reconsider its previous ruling. Plaintiff again alleges that she brings state legal malpractice claims in federal court. Doc. 11 at 1 (accusing "state attorneys" of "committing illegal malpractice"). She asserts that the court has subject matter jurisdiction under the ADA. *Id.* But, as the court has explained repeatedly to plaintiff in this case and in others, merely citing to the

3

4

ADA is insufficient to confer federal question subject matter jurisdiction because the ADA has no plausible application to her state legal malpractice claims. The court thus denies plaintiff's Motion for Reconsideration.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Reconsideration (Doc. 11) is denied.

**IT IS SO ORDERED.**

**Dated this 3rd day of March, 2017, at Topeka, Kansas**

<u>**s/ Daniel D. Crabtree**</u>
**Daniel D. Crabtree**
**United States District Judge**